Tukxey, J.
delivered the opinion of the court.
This is an action on the case brought by defendant in error, against the plaintiff, to recover damages for a breach of contract. It appears from the proof that on the 16th day of July, 1836, Joseph Noe entered into a written contract with Eli Hodges, in the words and figures following, to wit:
“July 16th, 1836 — Joseph Noe, jr., sells Eli Hodges one hundred hogs, to weigh two hundred pounds pork, gross, which said Eli Hodges doth agree to give to said Noe three hundred and seventy-five cents per hundred, pay when the hogs are delivered.”
The proof shows that some time in the month of November following the hogs were demanded by Hodges from Noe at his residence, and pay at $3 75 per hundred gross was tendered him, in either Tennessee, Virginia, South Carolina or Kentucky bank notes, as might suit him, but he refused to deliver the hogs and take the money, unless more was paid than $3 75 per hundred, but did not object to the character of the money tendered. Between the time of making the contract and the demand, the price of hogs had risen from $3 75 per hundred, gross, to $5. Hodges introduced proof to show, that by the terms of the contract he was to pay Noe in the common currency of Tennessee. This was objected to, but the objection was overruled by the court and testimony received.
*165 The jury found a verdict for the plaintiff for the sum of $330, for which judgment was given; and thereupon a writ of error is prosecuted to this court. Three points are argued:
1st. Is the demand of the hogs at the house of defendant in November, sufficient demand to charge him upon a refusal or neglect to deliver? We think it is. It is argued, that in as much as neither time nor place is specified in the contract for delivery, a demand at the residence of the defendant is not good without ten days previous notice thereof, under the provisions of the act of 1807, ch. 95, sec. 1. Such is not the construction of that statute. It provides, that no action shall be brought upon any contract for the payment or delivery of property, when the time and place or either is not ascertained in the contract, until ten days notice of time or place, or both, (as the case may be,) required for the payment or delivery of such property, and if no such notice be given, the property shall be payable at the place of residence of the payor, where demand must be made before action brought. That is, if time and place are specified, the contract must be performed at the time and place; if time be specified and not place, payee must give ten days notice of the place, if he wishes it to be a different one from that of the residence of the payor; if place is specified but not time, he must give ten days notice of the time; if neither time nor place be specified, he must give ten days notice of both; and if he does not do this, the contract is payable at the place of residence of the payor, where a demand must be made before suit is brought. The demand at Noe’s house was all that was necessary on this point of the case.
2d. Was the tender made by the plaintiff at the time of the demand, good in law? We have seen that it was Tennessee bank notes, Virginia bank notes, South Carolina bank notes, or Kentucky bank notes, at the election of the defendant; that the character of the money was not objected to, but the amount. Indeed the deposition says he was willing to receive the money, but demanded more than $3 75 per hundred, which by his contract he had agreed to take. This certainly is binding upon him, and prevents his insisting upon trial, that gold or silver should have been tendered in payment.
*166 It has always been held, that a tender of bank notes is gockl, if not objected to; not because they may be as good as gold oi. silver, but because the not objecting for that cause, is an implied admission of a willingness to receive in such currency, and this the more so if (as in this case) the objection be rested upon another and different ground.
3d. Was the parole testimony, showing that the contract was to be discharged in the common currency of Tennessee legitimate? We think not. The terms ofthe contract were reduced to writing. By theseterms, plaintiff was to pay $3 75 per hundred for the hogs. This is legal currency, and not bank notes, and to permit parole testimony to prove that banknotes were contracted for, and not gold and silver, would in our estimation be a gross violation of the great legal principle, that parole proof shall not be heard to add to or vary a written contract, with certain exceptions, of which this is not one. We cannot do so. It would be of very dangerous tendency, perhaps striking a fatal blow at the credit of all written money contracts not expressed to be for gold and silver. F or if you may prove that bank notes were contracted for, you may prove what kind; and in our country their value is as variant and as fluctuating as can be conceived of.
But it is said, this written contract is not signed by the defendant, and therefore is not within the rule of law referred to. It is proven to be in his own hand writing and his name is in the body of the instrument. This has been held to be a sufficient signature of will, and will certainly make a good contract in writing and obligatory upon the party making it.
Judgment of the circuit court reversed, and case remanded for a new trial.